

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WORD CHURCH INTERNATIONAL, INC. | ) ) ) ) ) | |
| Plaintiff, | ) ) | 1 10-CV-2133 |
| v. | ) ) | |
| CITIZENS TRUST BANK | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1.

NOW COMES Plaintiff WORD CHURCH INTERNATIONAL, INC. ("Plaintiff") by and through its undersigned counsel, and files this Action to secure redress for unlawful credit practices engaged in by Defendant CITIZENS TRUST BANK ("Defendant").

2.

Plaintiff alleges a violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA").

1



3.

The ECOA requires that notice of adverse action on a request for credit be timely provided to the applicant.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction over this matter pursuant to the Truth In Lending Act, 15 U.S.C. §1640, the Equal Credit Opportunity Act, 15 U.S.C. §1691e, and federal question, 28 U.S.C. §1331, 1337.

5.

Venue and personal jurisdiction are proper in this District because Defendant transacts business within this District.

## FACTS

6.

On May 11, 2010, Plaintiff applied with Defendant for a loan modification.

7.

Plaintiff was not given a loan modification.

8.

On June 15, 2010, Plaintiff sought reconsideration of a loan modification proposal with Defendant.

9.

Plaintiff was not given a loan modification.

10.

No statement of the reasons for such denials was furnished to Plaintiff.

## **VIOLATION ALLEGED**

11.

Plaintiff's requests for a loan modification were applications subject to the ECOA and implementing Federal Reserve Board Regulation B.

12.

On information and belief, it was and is the policy and practice of Defendant to not provide a written statement of the reasons for the denial of loan modifications.

13.

Such policy and practice violates the ECOA.

14.

15 U.S.C. §1691(d) provides:

**Reason for adverse action; procedure applicable; "adverse action" defined**

> **(1) Within thirty days (or such longer reasonable time as specified in regulations of the Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.**

(2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by--
>   (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>   (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

(3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

(4) Where a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party, provided in either case that the identity of the creditor is disclosed.

(5) The requirements of paragraph (2), (3), or (4) may be satisfied by verbal statements or notifications in the case of any creditor who did not act on more than one hundred and fifty applications during the calendar year preceding the calendar year in which the adverse action is taken, as determined under regulations of the Board.

(6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

15.

Defendant has received more than 150 requests for loan modifications per year.

16.

15 U.S.C. §1691a provides:

**Definitions; rules of construction**

    **(a) The definitions and rules of construction set forth in this section are applicable for the purposes of this subchapter.**

    **(b) The term "applicant" means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit.**

    **(c) The term "Board" refers to the Board of Governors of the Federal Reserve System.**

    **(d) The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.**

    **(e) The term "creditor" means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.**

    **(f) The term "person" means a natural person, a corporation, government or governmental subdivision or agency, trust, estate, partnership, cooperative, or association.**

    **(g) Any reference to any requirement imposed under this**

subchapter or any provision thereof includes reference to the regulations of the Board under this subchapter or the provision thereof in question.

17.

Plaintiff is an "applicant" as defined in §1691a.

18.

Defendant is a "creditor" as defined in §1691a.

19.

The loan modifications offered by Defendant are "credit" as defined in §1691a.

20.

Implementing Federal Reserve Board Regulation B, 12 C.F.R. §202.9, provides:

**Notifications.**

(a) *Notification of action taken, ECOA notice, and statement of specific reasons—*

(1) *When notification is required.* **A creditor shall notify an applicant of action taken within:**

(i) **30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application;**

(ii) **30 days after taking adverse action on an incomplete application, unless notice is provided in accordance with paragraph (c) of this section;**

(iii) 30 days after taking adverse action on an existing account; or

(iv) 90 days after notifying the applicant of a counteroffer if the applicant does not expressly accept or use the credit offered.

(2) *Content of notification when adverse action is taken.* A notification given to an applicant when adverse action is taken shall be in writing and shall contain a statement of the action taken; the name and address of the creditor; a statement of the provisions of § 701(a) of the Act; the name and address of the federal agency that administers compliance with respect to the creditor; and either:

(i) A statement of specific reasons for the action taken; or

(ii) A disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification. The disclosure shall include the name, address, and telephone number of the person or office from which the statement of reasons can be obtained. If the creditor chooses to provide the reasons orally, the creditor shall also disclose the applicant's right to have them confirmed in writing within 30 days of receiving the applicant's written request for confirmation.

21.

15 U.S.C. §1691e provides:

**Civil liability**

(a) Individual or class action for actual damages. Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class.

7

(b) Recovery of punitive damages in individual and class action for actual damages; exemptions; maximum amount of punitive damages in individual actions; limitation on total recovery in class actions; factors determining amount of award. Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $10,000, in addition to any actual damages provided in subsection (a) of this section, except that in the case of a class action the total recovery under this subsection shall not exceed the lesser of $500,000 or 1 per centum of the net worth of the creditor. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional.

(c) Action for equitable and declaratory relief. Upon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter.

(d) Recovery of costs and attorney fees. In the case of any successful action under subsection (a), (b), or (c) of this section, the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection.

(e) Good faith compliance with rule, regulation, or interpretation of Board or interpretation or approval by an official or employee of Federal Reserve System duly authorized by Board. No provision of this subchapter imposing liability shall apply to any act done or omitted in good faith in conformity with any official

**rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.**

**(f) Jurisdiction of courts; time for maintenance of action; exceptions. Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation…**

22.

Defendant's policy and practice of not providing written notice of credit denial violates the ECOA.

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant CITIZENS TRUST BANK for:

1. Statutory damages as provided by 15 U.S.C. §1691e.

2. Appropriate injunctive relief.

3. Attorney's fees, litigation expenses and costs of suit.

4. Such other and further relief as is just and proper.

This 9th day of July, 2010.

Respectfully submitted,

_____
Grady Roberts
Attorney for Plaintiff
Georgia Bar No.: 609540


**ROBERTS LAW, LLC**
191 Peachtree Street, N.E., Suite 3300
Atlanta, Georgia 30303
Phone: (404) 794-7000
Facsimile: (404) 794-7001