IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WORD CHURCH INTERNATIONAL, INC., | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| v. | ) ) | NUMBER 1:10-cv-2133-TCB |
| CITIZENS TRUST BANK, | ) ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on Defendant Citizens Trust Bank's ("CTB") motion for default judgment pursuant to Fed. R. Civ. P. 55(b) [11] and Plaintiff Word Church International, Inc.'s ("WCI") motion to set aside default [12].

## I. Background

On October 28, 2005, WCI obtained a commercial loan from CTB in the principal amount of $183,708.43.

On or around March 13, 2010, WCI defaulted on the loan.

On July 9, WCI filed this action against CTB, alleging that it could not collect on the loan because it violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*. In particular, WCI avers that CTB failed to provide a written statement of reasons for why it refused to grant WCI a loan modification.

On July 26, CTB filed its answer and counterclaim. CTB's counterclaim asserts a breach of contract claim against WCI based upon its failure to comply with the terms of the loan agreement. The parties agree that should CTB prevail on its counterclaim, WCI's ECOA claim is barred.

Under Fed. R. Civ. P. 12(a)(1)(B), "a party must serve an answer to a counterclaim . . . within 21 days after being served with the pleading that states the counterclaim . . . ." WCI failed to timely answer the counterclaim.

On September 15, CTB filed a motion for Clerk's entry of default and default judgment [11].[1] CTB attaches to its motion an affidavit signed by Frederick L. Daniels, Jr., who is CTB's senior vice president for commercial lending. Daniels testifies that WCI owes CTB $173,565.01 in connection with the loan and that CTB has incurred $9,061.03 in attorney's fees and

---

[1] For some reason, the Clerk did not enter default pursuant to Fed. R. Civ. P. 55(a) (as it should have) when CTB filed its motion for default judgment. WCI does not argue that it suffered any prejudice from this error.

costs in connection with this matter. Accordingly, CTB requests that the Clerk enter default judgment in its favor in the total amount of $182,626.64.

On October 5, WCI filed a motion to set aside the default [12]. Because the Clerk never entered default pursuant to Fed. R. Civ. P. 55(a), the Court will simply construe WCI's motion as being a motion in opposition to CTB's motion for default judgment.[2]

## II. Discussion

WCI argues that CTB's motion should not be granted because it mistakenly believed that it was not required to file an answer to CTB's counterclaim. WCI explains that this belief stemmed from the fact that it assumed that the Georgia Civil Practice Act governed this action.

WCI is correct that the Georgia Civil Practice Act does not require a plaintiff to file an answer to a counterclaim. *See* O.C.G.A. § 9-11-12(a). However, it is undisputed that the Federal Rules of Civil Procedure—not the Georgia Civil Practice Act—govern actions in this Court. *See Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993). And the Federal Rules of Civil Procedure plainly require a plaintiff to file an answer to a counterclaim or

---

[2] It appears that WCI mistakenly believed that the Clerk entered default on October 4, which is why it styled its motion as one to set aside the default.

risk admitting the allegations contained therein. *See* Fed. R. Civ. P. 12(a)(1)(B). It is also well settled that courts have rejected the notion that an attorney's misunderstanding or misinterpretation of the law can save a party from the consequences of a failure to file defensive pleadings. *See Turner Broad. Sys., Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1001 (N.D. Ga. 1983); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997); *Midwest Emp'rs Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998). Moreover, WCI has failed to articulate any meritorious defense to the allegations in CTB's counterclaim.

For all of these reasons, the Court will grant CTB's motion for default judgment.[3]

## III. Conclusion

The Court GRANTS CTB's motion for default judgment [11] and DENIES WCI's motion to set aside default [12]. The CLERK is DIRECTED to enter default judgment in favor of Defendant Citizens Trust Bank and

---

[3] Because the Clerk never entered default, it is unclear whether the "good cause" standard in Fed. R. Civ. P. 54(c) would apply to WCI's request that the Court excuse its failure to file an answer to the counterclaim. To the extent that the good cause standard were applicable, the Court finds that WCI's mistake does not constitute good cause. Indeed, the Court specifically finds that WCI's error displayed a reckless disregard for the judicial proceedings in this Court. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Case 1:10-cv-02133-TCB   Document 14   Filed 11/10/10   Page 5 of 5

5

against Plaintiff Word Church International, Inc. in the amount of $182,626.64. The CLERK is also DIRECTED to close this case.

IT IS SO ORDERED this 10th day of November, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge